UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS MANFRIA ) | | |
| ) | Case Number | |
| Plaintiff ) | | |
| ) | CIVIL COMPLAINT | |
| vs. ) | | |
| ) | | |
| ) | | |
| NCC BUSINESS SERVICES, ) | JURY TRIAL DEMANDED | |
| INC. ) | | |
| Defendant ) | | |
| ) | | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Chris Manfria, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1. Plaintiff, Chris Manfria, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District.

### III.  PARTIES

4. Plaintiff, Chris Manfria, is an adult natural person residing at 15550 Knoll Trail Drive, #5106, Dallas, TX 75248.

5. Defendant, NCC Business Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its registered office located at 116 Pine Street, Ste.300, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around mid July, 2008, Plaintiff moved out of his apartment due to a job relocation. Plaintiff made sure that his action of moving from Dallas to Houston was permissible with the guidelines of his lease which specified that the distance had to be over fifty (50) miles. Plaintiff informed his landlord prior to his departure. See **Exhibit "A"** attached hereto.

8. In or around March, 2009, Plaintiff received a call from an agent of the Defendant informing him that he owed over $2,000 for the remainder of his "broken

lease". Plaintiff informed Defendant that he did not break his lease and that he left for employment purposes which his lease allowed.

9. In or around April, 2009, Plaintiff received notice from Defendant stating that the charges were also for damages to the apartment as well as an unpaid electric bill for apartment 921.

10. Plaintiff sent Defendant a request for validation of the debt, due to the fact that Plaintiff lived in apartment 411, and not 921 as Defendant had documented. See **Exhibit "B"** attached hereto.

11. Plaintiff sent Defendant a copy of his final electric bill to show that he did not have an outstanding balance when he moved out of his apartment. The invoice dated July, 2008 also confirmed that Plaintiff lived in apartment 411. See **Exhibit "C"** attached hereto.

12. To date, Defendant has not honored Plaintiff's request for validation.

13. Plaintiff is still receiving calls in regards to this debt as of the filing of this complaint.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | | |
|---|---|---|
| §§ 1692d(6) | | Place telephone calls without disclosing his/her identity |
| §§ 1692(e) | | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | | Character, amount or legal status of the alleged debt |
| §§ 1692e(8) | | Threatens or communicates false credit information, including the failure to communicate that a debt is disputed |
| §§ 1692g | | Failure to send consumer 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCC Business Services, Inc., for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  October 22, 2009**        **BY:**        */s/  Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff